UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Changsha Jiecheng E-Commerce Co., Ltd, <br><br> *Plaintiff,* <br><br> v. <br><br> Manscaped LLC, <br><br> *Defendant.* | **Case No**: 24-cv-06050 <br><br> **Judge**: <br><br> **Magistrate Judge**: |

# COMPLAINT

This is an action brought under the Lanham Act, and the Declaratory Judgment Act by Changsha Jiecheng E-Commerce Co., Ltd ("Plaintiff" or "JieCheng"), against Defendant Manscaped, LLC("Defendant" or "Manscaped"). Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment seeking relief under the Federal Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202, and Federal Rule of Civil Procedure 57, that Plaintiff has not infringed any alleged trademark rights of Manscaped (including any of Defendant's predecessors and/or successors in interest), directly, contributorily, or vicariously.

2. A case or controversy exists under the Federal Declaratory Judgment Act because Defendant has filed trademark infringement complaint against Plaintiff to Amazon, claiming Plaintiff's use of the word "Manscape" infringed Defendant's trademark. **Exhibit A.**

3. Plaintiff's use of the word "Manscape" is a fair and descriptive use.

## JURISDICTION AND VENUE

4. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and the Trademark Law of the United States.

5. Venue is proper in this Court pursuant to 28 U.S.C.§ 1391, and this Court may properly exercise personal jurisdiction over Defendant since the Defendant directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, e-commerce Amazon store and their own website <https://www.manscaped.com/>. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offers shipping to the United States, including Illinois, accepts payment in U.S. dollar and, on information and belief, has sold products to residents of Illinois. Defendant is engaging in interstate commerce, and has wrongfully accused Plaintiff of infringement in the United States, including Illinois.

## THE PARTIES

**THE PLAINTIFF**

6. The Plaintiff is a Chinese Limited Liability Company located at Room 2209, Building 3 (Comprehensive Building), Xinyue Jiayuan, No. 828, Second Section of Second Ring Road, Changsha, Hunan, 410000, China

7. Plaintiff was selling its products using a valid trademark REYOLL (U.S. Reg. No. 6602164). **Exhibit B.**

**THE DEFENDANT**

8. Defendant is a Limited Liability Company based at 3753 Howard Hughes Parkway, Suite 200, Las Vegas, Nevada 89169.

9. Defendant is listed as the owner of several registered trademarks for MANSCAPED. (U.S. Registration Nos. 6400051, 6635474, 6789118, 6828295, and 6913477), as well as MANSCAPED REFINING THE GENTLEMAN (U.S. Registration No. 5569524) and MANSCAPED BALLERS (U.S. Registration No. 7058087). **Exhibit C.**

10. Defendant is also listed as the owner of several pending trademark applications for MANSCAPED (USPTO Application Serial Nos. 97174424, 97174681, 97174688, 97315424, 97315439, and 97482278) as well as MANSCAPED LEVEL UP (USPTO Application Serial No. 90804842). **Exhibit D.**

## FACTUAL BACKGROUND

11. Plaintiff is mainly in the business of selling electronic trimmers



12. Defendant is also in the business of manufacturing and selling shaving devices, accessories, and skin care products.

13. On March 29, 2023, Amazon sent an email to the Plaintiff. The email stated that Plaintiff's product titled "**REYOLL Manscape Body Hair Trimmer for Men-Electric Groin Groomer with Body Clippers, Nose Hair Clippers, USB C Charging, Travel Lock,**

**Waterproof, Cut Leg, Chest, Armpit Hair, Gifts for Him**" infringed Defendant's trademark "Manscaped."

14. Amazon provided Plaintiff with the rights owner's details: MANSCAPED, email: amazon@manscaped.com. The Complaint ID is 15008533811.

15. REYOLL and Defendant's trademark are different in appearance, meaning, sound and commercial impression.

16. Plaintiff's use of the word "Manscape" is fair and descriptive use. Other brands are also using the word "Manscape" in their product description.



17. According to Dictionary.com, the word "Manscape" is a verb, defined as "(of a man) to remove (unwanted body hair other than scalp hair) by waxing, shaving, etc." **Exhibit E.**

18. According to the Merriam Webster Online Dictionary, the word "Manscape" is a verb defined as "[to] trim[] or shav[e] a man's body hair so as to enhance his appearance." **Exhibit F.**

19. The United States Patent & Trademark Office ("USPTO") lists Defendant as the owner of the following trademark registrations and applications:

| Info | Mark | Goods/Services |
|---|---|---|
| Serial # 90407394 | MANSCAPED BALLERS | IC 035: Membership club services providing discounts to members on grooming products; Promoting the sharing and |

| | | |
|---|---|---|
| **Reg #** [7058087](#) PRINCIPAL **Filed** 2020-12-23 **Reg Date** 2023-05-23 | | exchange of tips and information concerning personal grooming; providing a website featuring consumer information on personal grooming products<br><br>IC 041: Fan clubs<br><br>IC 042: Hosting an online community website featuring shared communications between community members interested in personal grooming products and tips; Providing a community fan website for product information in the field of personal grooming products; Providing on-line website facilities for others for interactive customer discussion. |
| **Serial #** [90832673](#) **Reg #** [6789118](#) PRINCIPAL **Filed** 2021-07-12 **Reg Date** 2022-07-12 | MANSCAPED | IC 035: Online retail store services featuring personal grooming products. |
| **Serial #** [88981655](#) **Reg #** [6635474](#) PRINCIPAL - 2(F) **Filed** 2019-12-19 **Reg Date** 2022-02-08 | MANSCAPED | IC 008: Electric hair trimmers; Razor blades; Electric and battery-powered hair trimmers. |
| **Serial #** [87786295](#) **Reg #** [5569524](#) PRINCIPAL **Filed** 2018-02-06 **Reg Date** 2018-09-25 | MANSCAPED REFINING THE GENTLEMAN | IC 003: After-shave; After-shave balms; After-shave creams; After-shave emulsions; After-shave lotions; Aftershave preparations; Anti-aging moisturizer; Cosmetic preparations; Exfoliant creams; Facial moisturizer with SPF; Moisturizing body lotions; Non-medicated skin care preparations; Pre-shaving preparations; Shaving balm; Shaving cream; Shaving lotions; Shaving soap; Shaving spritz in the nature of a moisturizing solution for shaving; Shaving preparations; Skin toners. |
| **Serial #** [88733992](#) | MANSCAPED | IC 003: Body sprays; Body wash; Cologne; Deodorants and antiperspirants; Nonmedicated skin care preparations; Pre- |

| | | |
|---|---|---|
| **Reg #** [66913477](66913477) PRINCIPAL **Filed** 2019-12-19 **Reg Date** 2022-11-29 | | moistened cosmetic wipes; Skin toners; Cosmetic preparations; Cosmetic preparations for skin care; Cosmetics; Deodorant for personal use; Exfoliant creams; Hair care preparations; Lip balm; Skin moisturizer; Skin and body topical lotions, creams and oils for cosmetic use; Body scrub; Hair conditioner; Hair shampoo; Skin cleansers. |
| **Serial #** [88981654](88981654) **Reg #** [6828295](6828295) PRINCIPAL-2(F) **Filed** 2019-12-19 **Reg Date** 2022-08-23 | MANSCAPED | IC 008: Nail clippers; Nail files; Nail scissors; Razors; Tweezers; Beard clippers; Electric shavers; Electric and battery-powered hair clippers; Hair clippers; Non-electric shavers. |
| **Serial #** [88981763](88981763) **Reg #** [6400051](6400051) PRINCIPAL **Filed** 2019-12-19 **Reg Date** 2021-06-29 | MANSCAPED | IC 025: Tops as clothing; Underwear. |
| **Serial #** [97315439](97315439) Pending 1b **Filed** 2022-03-16 | MANSCAPED | IC 035: Provision of an online marketplace for buyers and sellers of downloadable digital art images authenticated by non-fungible tokens (NFTs); On-line retail store services featuring physical and virtual merchandise for use by members of virtual environments in connection with a designated virtual environments featuring fictional characters; Retail store services featuring virtual goods, namely, grooming products and clothing for use in online virtual worlds; Retail souvenir store services. |
| **Serial #** [97174681](97174681) Pending 1b **Filed** 2021-12-16 | MANSCAPED | IC 035: Retail store services featuring virtual goods, namely, personal grooming products, hair trimmers, skincare products, cosmetics, accessories therefore and clothing for use in online virtual worlds; on-line retail store services featuring virtual merchandise, namely, personal grooming products, hair trimmers, skincare, cosmetics, accessories therefore and clothing for use in online virtual worlds. |
| **Serial #** | MANSCAPED | IC 009: Downloadable virtual goods, namely, computer |

| | | |
|---|---|---|
| 97315424<br>Pending 1b<br>**Filed**<br>2022-03-16 | | programs featuring personal grooming products, hair trimmers, skincare products, cosmetics, and accessories therefore and clothing for use in online virtual worlds using blockchain-based software technology and smart contracts; Downloadable software for virtual goods, namely, image files containing personal grooming products, hair trimmers, skincare products, cosmetics, and accessories therefor and clothing authenticated by non-fungible tokens (NFTs); downloadable mobile application software for use on and in connection with a decentralized computing protocol using distributed ledger technology for facilitating the creation, scaling exchanging, storing, sending, receiving, accepting and transmitting of a digital currency or digital token, digital non-fungible tokens and digital collectibles, and for creating digital wallets, providing access to an online marketplace for the buyers and sellers of digital non-fungible tokens and digital collectibles |
| **Serial #**<br>88980425<br>Pending<br>1a1b<br>**Filed**<br>2019-12-19 | MANSCAPED | IC 025: Bottoms as clothing; Headwear; Jackets; Socks. |
| **Serial #**<br>90804842<br>Pending 1b<br>**Filed**<br>2021-06-30 | MANSCAPED LEVEL UP | IC 003: Body sprays; Body wash; Non-medicated skin care preparations; Skin toners; Body lotion; Cosmetic preparations; Cosmetic preparations for skin care; Cosmetics; Skin moisturizer; Skin cleansers; Hair care preparations; Hair shampoo; Cologne; Perfumery; perfumes; toilet water; cologne water; Shaving preparations; Cosmetic creams for skin care; Pre-moistened cosmetic wipes; Exfoliant creams; Hair styling preparations; Shaving cream; Shaving gel; Body scrub; Facial cleansers; Hair conditioner; Skin and body topical lotions, creams and oils for cosmetic use. |
| **Serial #**<br>97174424<br>Pending 1b<br>**Filed**<br>2021-12-15 | MANSCAPED | IC 009: Downloadable virtual goods, namely, computer programs featuring personal grooming products, namely, hair trimmers, skincare products, cosmetics, accessories therefore and clothing for use in online virtual worlds. |
| **Serial #**<br>97174688<br>Pending 1b<br>**Filed**<br>2021-12-16 | MANSCAPED | IC 041: Entertainment services, namely, providing on-line, non-downloadable virtual personal grooming products, namely, hair trimmers, skincare products, cosmetics, accessories therefore and clothing for use in virtual environments created for entertainment purposes. |
| **Serial #**<br>97482278 | MANSCAPED | IC 044: Hair salon services, namely, hair cutting, styling, and coloring; barber shop services; beauty and skin care |

| | | | |
|---|---|---|---|
| Pending 1b<br>Filed<br>2022-06-29 | | salons services, namely, facials, manicures and pedicures, massages, and beauty services; spa services. | |

20. The USPTO also shows similar trademarks that have been registered by third parties, the registration certificates or USPTO status pages thereof are attached as **Exhibit G**:

| Info | Wordmark | Goods/Services | Owner |
|---|---|---|---|
| **Serial #** 87088003 **Reg #** 5150241 PRINCIPAL **Filed** 2016-06-29 **Reg Date** 2017-02-28 | MANSCAPE BODY CARE FOR MEN | IC 003: Bath soaps; Body lotion; Body powder; Handmade soap bars; Natural soap bars; Naturally handmade soap bars. | DSK Enterprises, LLC (LIMITED LIABILITY COMPANY; OHIO, USA); 726 E. Main St. Suite F #158, Lebanon, OHIO 45036, UNITED STATES |
| **Serial #** 88698333 **Reg #** 6134581 PRINCIPAL **Filed** 2019-11-19 **Reg Date** 2020-08-25 | WOMANSCAPE | IC 016: Printed materials, namely, journals featuring women-related topics, namely, women's history, women in leadership, women in the arts, women's travel, women in the media, women's culture and lifestyle, women's finances and economics, men supporting women, and travel, finance, fashion, beauty, style, food, drink, culture, books, television, movies, entertainment, lifestyle, cultural and political news and events. | WomanScape, LLC (LIMITED LIABILITY COMPANY; CONNECTICUT, USA); 1083 Smith Ridge Rd., New Canaan, CONNECTICUT 06840, UNITED STATES |
| **Serial #** 76646327 **Reg #** 3686397 PRINCIPAL **Filed** 2005-09-07 **Reg Date** 2009-09-22 | MANSCAPER | IC 008: electric hair clippers, electric hair trimmers and electric shavers. | Wahl Clipper Corporation (CORPORATION; ILLINOIS, USA); 2900 North Locust Street, Sterling, ILLINOIS 610810578, UNITED STATES |
| **Serial #** 86919563 **Reg #** 5297278 PRINCIPAL **Filed** 2016-02-25 | WOMANSCAPE | IC 041: online journals, namely, blogs featuring women-related topics, namely, women's history, women in leadership, women in the arts, women's travel, women in the media, women's culture and | WomanScape, LLC (LIMITED LIABILITY COMPANY; CONNECTICUT, USA); 1083 Smith |

| | | | |
|---|---|---|---|
| **Reg Date** 2017-09-26 | | lifestyle, women's finances and economics, and travel, finance, fashion, beauty, style, food, drink, culture, books, television, movies, entertainment, lifestyle, cultural and political news and events. | Ridge Rd, New Canaan, CONNECTICUT 06840, UNITED STATES |
| **Serial #** 98100516 Pending 1b **Filed** 2023-07-25 | MANSCAPER | IC 003: Hair care preparations, shampoo, skin cleansers, non-medicated soaps, body wash, bar soaps, skin preparations, namely, non-medicated skin exfoliator preparations and non-medicated skin moisturizer preparations, body lotions, face lotions, shaving preparations, shaving cream, shaving gels, shaving soap, aftershave, facial hair care preparations, non-medicated beard wash, beard oil, beard conditioners, beard softeners, hair styling preparations, hair pomade. | Wahl Clipper Corporation (CORPORATION; ILLINOIS, USA); 2900 North Locust Street, Sterling, ILLINOIS 610810578, UNITED STATES |

## COUNT I
### (Declaration of Non-infringement of Trademark)

21. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

22. This claim arises from an actual and justiciable controversy between the parties regarding whether Plaintiff's use of the word "manscape" infringes Defendant's claimed trademark MANSCAPED.

23. Plaintiff seeks a declaratory judgment from this Court that Plaintiff does not infringe any cognizable trademark rights of the Defendant.

## COUNT II
### (Cancellation of U.S. Registration Nos. 6635474 and 6828295 due to Fraud)

24. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

25. Defendant has accused Plaintiff of infringing Defendant's federal registration of the alleged trademark MANSCAPED with respect to grooming products for men.

26. According to USPTO records, Defendant's Trademark Registration Nos. 6635474 and 6828295 (the "'474 Registration" and "'295 Registration" respectively) include a claim of acquired distinctiveness under Section 2f of the Trademark law, 15 U.S.C. §1052(f).

27. An acquired distinctiveness claim is an admission that the mark is merely descriptive for the claimed goods, but the applicant declares that despite its descriptive nature, consumers now recognize the term as a trademark due to "substantially exclusive and continuous use" of the mark.

28. In support of its claim that MANSCAPED had acquired distinctiveness as a mark for "electric hair trimmers; razor blades; electric and battery-powered hair trimmers" and "nail clippers; nail files; nail scissors; razors; tweezers; beard clippers; electric shavers; electric and battery-powered hair clippers; hair clippers; non-electric shavers," Defendant's Office Action response submitted to the USPTO on September 21, 2020 stated, "**Applicant's Mark was first coined and used at least as early as December 2016, and since then, Applicant has substantially exclusively and continuously used Applicant's Mark in connection with its products and services for nearly four years.**"[1],[2]. **Exhibit H**, at page 9 (highlighted).

29. However, Defendant's statement made to the USPTO in the above paragraph does not appear to be true. Specifically, Defendant's statement gives the impression that Defendant first coined the term MANSCAPED in 2016, and that Defendant's use of the term MANSCAPED has been substantially exclusive since that time.

---

[1] https://tsdr.uspto.gov/documentviewer?caseId=sn88981655&docId=ROA20210517185321&linkId=17#docIndex=16&page=10

[2] https://tsdr.uspto.gov/documentviewer?caseId=sn88981654&docId=ROA20210517185253&linkId=24#docIndex=23&page=10

30. Defendant clearly did not "coin" the term in December of 2016, because others were already using a form of the term.

31. According to an article, the term "Manscaped" became popular for male grooming in 2003 on the TV show Queer Eye for the Straight Guy.[3]

32. Moreover, there is a website showing that the terms "manscaping" and "manscaped" were in use by third parties prior to December of 2016. For example, an article from August of 2016 showed the use of both terms in relation to men's grooming.[4] **Exhibit I.**

33. According to Dictionary.com, the term "Manscape" originated around 2003, and gained popularity when the TV show *Queer Eye for the Straight Guy* "helped make the idea of *manscaping* more positive. In the show, a cast of gay men would try to improve the fashion sense and body grooming practices of heterosexual men. In this series, the term *manscaping* would be used to describe a false stereotype of male body grooming being like landscaping. Now *manscaping* is more often seen as an acceptable, everyday task, similar to showering and shaving the face."[5]

34. Further, according to Merriam-Webster.com, the first known use of "Manscaping" was in 2003.[6]

35. In addition to not being coined by Manscaped, LLC, Defendant is not correct that it has been the substantially exclusive user of the mark. Lots of other shaving companies appear to use "manscaping" or "manscaped" in a descriptive manner. For example, major competitors Dollar Shave Club and Gillette:

---

[3] https://www.wsj.com/articles/unspeakable-manscaping-is-more-common-than-you-think-11605545000
[4] https://www.newlookinstitute.com/blog/the-epic-evolution-of-manscaping-1.html#gref
[5] https://www.dictionary.com/browse/manscape
[6] https://www.merriam-webster.com/dictionary/manscape#h1





36. Upon information and belief, Defendant's misleading or fraudulent statements to the USPTO in its September 21, 2020 Office Action response had a material effect on the USPTO Examining Attorney's decision to approve the applications for the '474 and '295 Registrations with a claim of acquired distinctiveness.

37. Because Defendant is not the substantially exclusive user of the term MANSCAPED as it applied to male grooming, the '474 and '295 Registrations have to acquired distinctiveness with American consumers, as contemplated under Section 2(f) of the Trademark Act.

38. Defendant's alleged rights stemming from the '474 and '295 Registrations are unenforceable, and the '474 and '295 Registrations should be cancelled. Those alleged rights are unenforceable for several independent reasons, including:

   a. That Defendant's committed inequitable conduct amounting to unclean hands with respect to the attempt to misappropriate the known generic term "Manscape" into a proprietary brand or trademark;

   b. That Defendant committed inequitable conduct amounting to unclean hands with respect to furthering and reinforcing the attempt to misappropriate the known generic term "Manscape" into a proprietary brand or trademark;

   c. That Defendant committed inequitable conduct amounting to the unclean hands with respect to the fraudulent misrepresentation to the U.S. Trademark Office during the prosecution of the '474 and '295 Registrations, and that such inequitable conduct led directly to the U.S. Trademark Office being misled during the prosecution of the registrations for the Manscaped grooming products in International Class 8;

   d. That Defendant committed inequitable conduct amounting to unclean hands with respect to fraudulent and false declarations that the applicant had the right to use the mark as a trademark or source-indicator in U.S. commerce, during the prosecution of each of the registrations for the Manscaped grooming products. Each of these declarations was knowingly false, in that the element "Manscape" in the application had not acquired distinctiveness, and was and/or should have been generic for men's hair grooming in general.

**COUNT III**
**(Cancellation of U.S. Registration Nos. 6635474 and 6828295 due to Genericness)**

39. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

40. Regardless of Defendant's representations to the USPTO with respect to acquired distinctiveness, Defendant's marks are unenforceable due to genericness.

41. According to USPTO policy and trademark law generally, "no amount of purported proof that a generic term has acquired secondary meaning can transform that term into a registrable trademark or service mark." *See In re Bongrain Int'l (Am.) Corp.*, 894 F.2d at 1317 n.4, 13 USPQ2d at 1728 n.4; *H. Marvin Ginn Corp. v. Int'l Ass'n of Fire Chiefs, Inc*., 782 F.2d 987, 989, 228 USPQ 528, 530 (Fed. Cir. 1986); TMEP §1212.02(i).

42. The term "Manscape" is routinely defined by dictionaries to describe the practice of men's shaving and grooming.

43. The term "Manscaped" is merely the past tense and/or past participle of "Manscape."

44. Because Defendant's goods and intended to trim, shave, or groom men, the term "Manscape" and its past tense form "Manscaped," are generic for the genus of products that Defendant provides.

45. Upon information and belief, competing shaving, trimming, and grooming product manufacturers and stylists use the terms "Manscape," Manscaping," and "Manscaped" in a generic sense to refer to the genus of men's shaving, trimming, and grooming products.

46. Because of the pervasiveness of "Manscape", including its past and past participle forms refers to a genus of men's grooming products and services, Defendant's use of the term MANSCAPE is generic and incapable of acquired distinctiveness or secondary meaning, no matter how much evidence Defendant has provided in an effort claim trademark rights in the term.

47. Generic terms are incapable of being registered on both the USPTO's Principal and Supplemental Registers.

48. Because MANSCAPED is a generic term as applied to Defendant's claimed goods in International Class 8, the '474 and '295 Registrations should be cancelled.

**COUNT IV**
**(Cancellation of U.S. Registration Nos. 5569524, 6400051, 6789118, 6913477 and 7058087 due to lack of secondary source significance)**

49. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

50. Aside from the '474 and '295 Registrations, Defendant's remaining registrations do not contain an acquired distinctiveness claim under Section 2(f) of the Trademark Act.

51. The goods and services claimed in U.S. Registration Nos. 5569524, 6400051, 6789118, 6913477 and 7058087 claim goods or services that are complimentary to or derivative of Defendant's trimming, shaving, and grooming products listed in the '474 and '295 Registrations.

52. Upon information and belief, Defendant's registrations for shaving and after-shave preparations in International Class 3, clothing tops and underwear in International Class 25, membership clubs and online retail stores featuring grooming products in International Class 35, fan clubs in International Class 41, hosting online communities regarding personal grooming products in International Class 42, and the like are all intended to be indicators of "secondary source" in Defendant's primary product, which are the men's shaving, trimming, and grooming products claimed in the '474 and '295 Registrations.

53. Without having consumer-recognized trademark rights in the term MANSCAPED for the men's shaving, trimming, and grooming products claimed in the '474 and '295 Registrations for

the reasons discussed in Counts III and IV above, there can be no secondary source consumer recognition for the goods and services listed in the remainder of Defendant's registrations.

54. To put it colloquially, without trademark rights in the term MANSCAPED for trimming, shaving, and grooming products in International Class 8, the "domino-effect" is that Defendant has not established trademark rights in the term MANSCAPED for goods and services in other International Classes, either.

55. Without recognition as a "secondary source," U.S. Registration Nos. 5569524, 6400051, 6789118, 6913477 and 7058087 should also be cancelled.

### COUNT V
### (Cancellation of Application Serial Nos. 88980425, 90804842, 97174424, 97174681, 97174688, 97315424, 97315435, 97315439, and 97482278.)

56. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

57. Defendant has also applied to register a variety of MANSCAPED and MANSCAPED-formative terms with the USPTO, claiming virtual personal grooming products, non-fungible tokens (NFTs) related to personal grooming products, retail stores featuring virtual grooming products, clothing, and hair salon, beauty salon, and spa services.

58. 64. Defendant's Application Serial Nos. 88980425, 90804842, 97174424, 97174681, 97174688, 97315424, 97315435, 97315439, and 97482278 are currently pending before the USPTO.

59. Federal courts have exercised jurisdiction to cancel pending trademark applications pending before the USPTO if (a) the trademark applicant is a party to the lawsuit, and (b) the trademark application(s) is/are for mark(s) that is/are sufficiently related to a registered mark over which the court has jurisdiction. *Nutramax Laboratories, Inc. et al v. Capital*

*Pharmaceutical, LLC*, 2-21-cv-03949 (SD OH Mar 16,2022), Citing 15 USC Section 1119 and *Cont'l Connector Corp v. Cont'l Specialties Corp*, 413 F.Supp. 1347, 1348-49 (D. Conn. 1976).

60. The USPTO lists Defendant as the owner of Application Serial Nos. 88980425, 90804842, 97174424, 97174681, 97174688, 97315424, 97315435, 97315439, and 97482278.

61. The marks in the aforementioned applications are identical to, or sufficiently similar to, the marks in U.S. Registration Nos. 6635474 and 6828295 to which this court has jurisdiction.

62. Accordingly, this court has jurisdiction to cancel Application Serial Nos. 88980425, 90804842, 97174424, 97174681, 97174688, 97315424, 97315435, 97315439, and 97482278 prior to registration.

63. For the same reasons related to genericness in Count III above, as well as lack of secondary source in Count IV above, and out of concern for judicial efficiency, Defendant's pending Application Serial Nos. 88980425, 90804842, 97174424, 97174681, 97174688, 97315424, 97315435, 97315439, and 97482278 should also be cancelled.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For judgment in favor of Plaintiff against Defendant.

2. Declaring that Plaintiff's use of the word "manscape" does not infringe Defendant's claimed trademark MANSCAPED.

3. For an order for the cancellation of Defendant's U.S. Registrations 5569524, 6400051, 6635474, 6789118, 6828295, 6913477 and 7058087, as well as Application Serial Nos. 88980425, 90804842, 97174424, 97174681, 97174688, 97315424, 97315435, 97315439, and 97482278, pursuant to the provision of 15 U.S.C. §§ 1064, 1119.

## Jury Trial Demand

Plaintiff hereby demands a bench trial on all issues so triable.

| | |
|---|---|
| Date: July 17, 2024 | /s/ Ruoting Men |
| | Ruoting Men, Esq. |
| | GLACIER LAW LLP |
| | 41 Madison Ave, Suite 2529 |
| | New York, NY 10010 |
| | Ruoting.men@glacier.law |
| | 332-261-8227 |
| | ***Attorney for Plaintiff*** |